IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC SOTO, Individually, and as
Next Friend of E.S. and B.S., minors;
and JULIE SAKURA, as Personal
Representative of the ESTATE OF
ASHLEY SOTO,

                Plaintiffs,

vs.                                    Civ. No.   12-1155 JCH/LAM

FORD MOTOR COMPANY, MICHELIN
NORTH AMERICA, INC., and
DALE BOGGS,

                Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court on Plaintiffs' *Motion to Remand* [Doc. 22], in which Plaintiffs contend that this Court lacks jurisdiction over the action because there is not complete diversity among the parties. Specifically, they point out that Defendant Dale Boggs, like them, is a citizen of New Mexico. Defendants Ford Motor Company and Michelin North America, Inc., respond that there is complete diversity among the parties because Plaintiffs fraudulently joined Boggs as a defendant in order to defeat this Court's exercise of diversity jurisdiction. After considering the motion, response, and reply, along with the relevant legal precedents, the Court concludes that the Defendants have failed to meet their heavy burden to demonstrate that Boggs was fraudulently joined. As a result, complete diversity among the parties is lacking, this Court lacks subject matter jurisdiction, and the motion to remand should be granted.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On February 13, 2012, Plaintiffs filed their original Complaint in the First Judicial District Court, County of Santa Fe, State of New Mexico. In that Complaint, Plaintiffs allege that on February 14, 2010, Plaintiff Eric Soto was driving a Ford Bronco when suddenly the left rear tire failed, causing the Bronco to roll over. Eric Soto, along with E.S. and B.S., were injured, while Ashley Soto was partially ejected from the vehicle and killed. In a section of the Complaint titled "Parties," Plaintiffs allege that non-diverse Defendant Dale Boggs sold the Bronco, including the tire at issue, to Plaintiff Eric Soto," and that Boggs "caused an event to occur within the State of New Mexico from which these claims arise." The Complaint contains no other allegations directed specifically against Boggs. In a section of the Complaint titled "Claims Against Defendant Ford," Plaintiffs allege that Ford is liable under the doctrines of both strict product liability and negligence for defects in the Ford's design, testing, manufacture, assembly, distribution, and marketing. In a section of the Complaint titled "Claims Against Defendant Michelin," Plaintiffs allege that Michelin is liable under theories of both negligence and strict liability for the defects in the subject tire that arose from its design, testing, manufacture, assembly, distribution, and marketing. There is no section of the Complaint titled "Claims Against Defendant Boggs." However, a few paragraphs of the Complaint refer to the acts or omissions of "Defendants" in the plural.

On November 8, 2012, Ford removed the case to this federal district court. While acknowledging the apparent lack of complete diversity, the Notice of Removal avers that the joinder of Boggs was fraudulent. Then, on April 3, 2013, Plaintiffs filed their Motion to Remand. The sole issue raised by the motion is the alleged fraudulent joinder of Defendant Boggs, such

that it destroys complete diversity among the parties that is required for this Court to have subject matter jurisdiction over the action.

## DISCUSSION

### I. LAW REGARDING REMOVAL AND FRAUDULENT JOINDER

Defendant Ford removed this case pursuant to 28 U.S.C. § 1441(a) on the grounds that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir.2006). Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant. *Dutcher v. Matheson,* 733 F.3d 980, 987 (10th Cir. 2013).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

In *Smoot v. Chicago, R.I. & P.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967), the Tenth Circuit described fraudulent joinder as either "[t]he joinder of a resident defendant against whom no cause of action is stated" or where "a cause of action [is] stated, [but] no cause of action exists." "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson,* 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir. 1998)). The Tenth Circuit has described the fraudulent joinder standard as "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indem*., No. 99-2225, 2000 U.S.App. LEXIS 6852, at *5 (10th Cir. April 14, 2000) (citing *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851-53 (3d Cir. 1992)). At least two other circuits agree that the fraudulent joinder standard is more stringent than that for Rule 12(b)(6). *See, e.g., Hartley v. CSX Transp*., 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted); *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 852 (3d Cir. 1992). If the diverse defendant successfully meets this burden, the "district court can assume jurisdiction over [the] case even if, inter alia, there are nondiverse named defendants at the time the case is removed." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted). On the other hand, if the defendant fails to establish with complete certainty upon undisputed evidence that the non-diverse defendant is not liable, then the Court must remand the case back to state court without ruling further in the matter. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 414 F .3d 1169, 1175 (10th Cir. 2005) (citing *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 410 (11th Cir. 1999)).

## II.   ANALYSIS

Defendants argue that the joinder of Boggs is fraudulent because Plaintiffs' Complaint does not assert a claim against him under either a negligence or strict liability theory, and

because the Court may not consider any claim against Boggs which may be available but which Plaintiffs have not yet pled. Plaintiffs, in turn, argue that the complaint has satisfied notice pleading standards for both wrongful death and strict products liability claims against Boggs.

First the Court addresses Defendants' contention that the Complaint contains no legal claims against Boggs because, while there are sections of that document that are specifically labeled as asserting claims against Ford and Michelin, there is no explicit description of the legal claims against Boggs. The Court is not persuaded by this argument. As the Tenth Circuit has stated, the test is not whether the Plaintiffs actually alleged a negligence claim, but whether "there is no possibility that [the Plaintiffs] would be able to establish a cause of action against [the Defendants] in state court." *Montano v. Allstate Indem.*, 2000 U.S. App. LEXIS 6852, at *4-5 (citation omitted). Under *Montano*, the Court needs to determine whether the Plaintiffs could possibly state any claim against Boggs. Under notice pleading standards, the Plaintiffs have sufficiently placed the Defendants on notice of the claims against them for negligence and strict products liability. Further, the Complaint states that Boggs' role in the chain of distribution of the allegedly defective product was as seller of the vehicle to Plaintiff Eric Soto. Finally, in several paragraphs the Complaint refers to the liability of "Defendants." The fact that the Complaint does not explicitly state that Boggs is liable under a negligence or strict liability theory does not doom Plaintiffs' claims against Boggs, particularly where the issue is fraudulent joinder.

This case is much like *Provencio v. Ford Motor Co.*, 2005 WL 3662957 (D.N.M. Sept. 29, 2005) (Browning, J.), a case also involving the rollover of a Ford Bronco. In *Provencio*, as here, the plaintiffs sued both Ford and the individual who sold them the Bronco. And, as in this case, the addition of the individual defendant destroyed complete diversity among the parties. In

concluding that Ford had not met its heavy burden to show fraudulent joinder, the court found that it could not say that the plaintiffs had no claim of negligence against the non-diverse defendant:

> The dearth of facts concerning Gustavo's alleged negligence leads the Court to conclude that it is far from certain that a negligence claim could not be sustained. There are no allegations in the Complaint that suggest Gustavo should not or could not have known about any alleged defect in the Ford Bronco. While the evidence may not ultimately establish Gustavo's liability for negligence, the test for fraudulent joinder is whether that liability can certainly not be shown.

*Id*. at *6.  Similarly, with respect to the strict liability claim against the non-diverse seller of the Bronco, the *Provencio* court was not persuaded by Ford's argument that the seller of the Bronco, much like Boggs in this case, was not a "supplier" of the Bronco that would be strictly liable under New Mexico law. In New Mexico, "a supplier of products is liable for harm proximately caused by an unreasonable risk of injury resulting from a condition of the product or from a manner of its use" even when "all possible care has been used by the supplier in putting the product on the market." *Smith v. Bryco Arms*, 131 N.M. 87, 93, 33 P.2d 638, 644, 2001-NMCA-090 at ¶ 13 (Ct. App. 2001) (citing Uniform Jury Instruction 13-1406 and *Fernandez v. Ford Motor Co*., 118 N.M. 100, 109, 879 P.2d, 100, 110 (Ct. App. 1994)). A supplier is "one engaged in the business of selling or otherwise distributing products." *Spectron Dev. Lab. v. American Hollow Boring Co*., 123 N.M. 170, 174, 936 P.2d 852, 856 (Ct. App. 1997) (citation omitted). The *Provencio* court said that Ford must demonstrate "with complete certainty," through citations to caselaw and evidence, that the seller could not be a supplier under New Mexico products liability jurisprudence. *Provencio* at *7. However, Ford came forward with no citation to New Mexico cases that the individual seller of a personal automobile could not be a "supplier." Because Ford failed to do so, the court concluded there was no fraudulent joinder, complete diversity was absent, and remand to state court was appropriate.

This Court is persuaded by the reasoning in *Provencio*, which presented facts very similar to those in this case. Based on the record currently before it, the Court cannot say that Ford has demonstrated with complete certainty upon undisputed evidence that Boggs cannot be liable in New Mexico state court, either in negligence or strict products liability. This result is in accord with numerous other decisions in this Court based on similar reasoning. *See, e.g., Sakura v. Simplicity, Inc.*, Civ. No. 10-1229 WPJ/KBM, 2011 WL 1935617 at *2 (D.N.M. April 7, 2011) (Johnson, J.) (finding defendants had failed to prove fraudulent joinder of manager of Wal-Mart store that sold allegedly defective crib); *Sakura v. Goodyear Tire & Rubber Co.*, Civ. No. 12-791 RB/WPL, Doc. 26 (D.N.M. Dec. 17, 2012 (Brack, J.) (slip op.) (in case involving rollover of Ford Explorer, finding defendants had failed to meet heavy burden of showing with complete certainty that plaintiff had no claim against non-diverse defendant driver whom plaintiffs alleged acted reasonably). Accordingly, the Court concludes that Defendants have failed to prove fraudulent joinder, and the case should be remanded to state district court due to lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Remand* [Doc. 22] is hereby **GRANTED** and this case is **REMANDED** to the First Judicial District Court, County of Santa Fe, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**